# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHERYL LEE, | Old Case No. 1: 05 CV 01318 REC DLB |
| Plaintiff(s), | New Case No. 1: 05 CV 01318 REC TAG |
| v. | SCHEDULING ORDER (Fed. R. Civ. P. 16) |
| COUNTY OF KERN, et al., | and ORDER REASSIGNING CASE |
| Defendant(s). | Discovery Deadlines:<br>　Initial Disclosures: January 6, 2006<br>　Non Expert: November 3, 2006<br>　Expert: December 15, 2006 |

Discovery Status Conference:
　June 8, 2006 at 9:00 a.m.

Non-Dispositive Motion Deadlines:
　Filing: November 10, 2006
　Hearing: December 18, 2006

Dispositive Motion Deadlines:
　Filing: December 18, 2006
　Hearing: February 5, 2007

Settlement Conference:
　November 17, 2006 at 10:00 a.m.

Pre-Trial Conference:
　March 19, 2007 at 9:00 a.m.

Trial:　May 1, 2007 at 9:00 a.m.
　　　Courtroom 1   JT   8 to 10 days

**I.     Reassignment**

It appears that this action is venued in Kern County and therefore it is ORDERED that this case be reassigned from the undersigned to the Honorable Theresa A. Goldner, U. S. Magistrate Judge.  The new case number shall be 1: 05 CV 01318 REC TAG.

**II.    Date of Scheduling Conference**

December 22, 2005.

**III.   Appearances of Counsel**

Charles R. Chapman appeared on behalf of Plaintiff.

Jennifer L. Thurston appeared on behalf of Defendants County of Kern, Kern County Sheriff's Department, F. Banuelos and Amado.

Fred Kumpel appeared on behalf of Defendants D. Lindini and Holtz.

**IV.    The Pleadings**

A.   Summary of the Pleadings

This case arises out of an arrest of plaintiff which occurred when she was allegedly involved in a traffic accident.  At the time, the arresting officers (not parties here), determined that plaintiff was under the influence of alcohol, arrested her and transported her to the Kern County Central Receiving Facility.

**Plaintiff's Contentions**

On September 10, 2004, when plaintiff was being processed at the Kern County jail, Defendants Lindini, Banuelos, Amado, Holts and Does 1-50, without cause, reason or justification, assaulted, battered, kicked, punched, threw and used excessive, and unreasonable force upon plaintiff.

Defendants Lindini, Banuelos, Amado, Holts and Does 1 through 50, inclusive, and each of them, while acting within the course and scope of their authority and under color of law, used excessive and objectively unreasonable threats of force, force and violence, as elucidated in, e.g., Albright v. Oliver, 510 U.S. 266, 276 -77, 114 S.Ct. 807, 814 -15, 127

L.Ed.2d 114,  (1994) (Ginsburg, J., concurring) (seizure continues throughout criminal trial); Lolli v. County of Orange, 351 F.3d 410, 415 (9th Cir. 2003) ("[T]he Fourth Amendment sets the applicable constitutional limitations for considering claims of excessive force during pretrial detention."), Gibson v. County of Washoe, Nev., 290 F.3d 1175, 1197 (9th Cir. 2002), cert. denied, 537 U.S. 1106, 123 S.Ct. 872, 154 L.Ed.2d 775  (2003) (same), and Fontana v. Haskin, 262 F.3d 871, 879  (9th Cir. 2001)  ("excessive use of force by a law enforcement officer in the course of transporting an arrestee gives rise to a section 1983 claim based upon a violation of the Fourth Amendment"), against Plaintiff, a pretrial detainee.

In addition,  Defendants Lindini, Banuelos, Amado, Holts and  Does 1 through 100, inclusive, and each of them, while acting within the course and scope of their authority and under color of law, and in performing the acts alleged above, acted with deliberate indifference, as elucidated in, e.g., Redman v. County of San Diego, 942 F.2d 1435, 1443 (9th Cir.1991), cert. denied, 112 S.Ct. 972 (1992), to Plaintiff's right, as a pretrial detainee, to be free from punishment.

In addition, above, Defendants Lindini, Banuelos, Amado, Holts and Does 1 through 50, inclusive, and each of them, while acting within the course and scope of their authority and under color of law, used excessive threats of force, force and violence that amounted to punishment, as elucidated in, e.g., Graham v. Connor, 490 U.S. 386, 395 n.10, 109 S.Ct. 1865, 1871 n.10, 104 L.Ed.2d 443 (1989) and Bell v. Wolfish, 441 U.S. 520, 536 -37, 99 S.Ct. 1861, 1872-73, 60 L.Ed.2d 447 (1979), against and upon the plaintiff, a pretrial detainee, in a willful, malicious, and unlawful manner and without cause, provocation or legal justification thereby causing severe personal injuries to Plaintiff.

Defendants Lindini, Banuelos, Amado, Holts and/or other unknown officers and supervising personnel, sued herein as Does 51 through 100, inclusive, knew that Defendants had placed Plaintiff in a dangerous situation; each had the authority and

3

1  responsibility to order the involved officers to cease their unlawful activities, but each failed and
2  refused to prevent or stop said officers from assaulting and battering the Plaintiff.
3          Defendants County of Kern, Kern County Sheriff's Department, and Does
4  51 through 50, inclusive, are responsible for implementing, maintaining, sanctioning and/or
5  condoning policies, customs and/or practices with the respect to the use of force by officers
6  employed and under the supervision of said Defendants.
7          The conduct of Defendants Lindini, Banuelos, Amado, Holts and Does 1
8  through 50, inclusive, was consistent with the polices, customs and practices set forth by
9  Defendants County of Kern, Kern County Sheriffs Department, and Does 51-100, inclusive,
10 regarding the use of force, and that the use of force by Lindini, Banuelos, Amado, Holts and
11 Does 1-50 was ratified by said Defendants, and each of them.  Defendants County of Kern, Kern
12 County Sheriff's Department, and Does 51-100, inclusive, and each of them, knew or should
13 have known that Defendants' customs, practices, policies regarding the use of force were so
14 inadequate that it was obvious that a failure to correct them would result in future incidents of
15 excessive force by their subordinates, officers, employees and/or agents. Said Defendants, and
16 each of them, knew or should have known that acts and/or omissions similar to those complained
17 of herein were likely to occur.
18         At all relevant times, Defendants County of Kern, Kern County Sheriffs
19 Department, and Does 51-100, inclusive, authorized and/or acquiesced in the aforementioned
20 customs, practices, policies and the commission of the type of acts by its officers similar to those
21 which are alleged herein to have caused the injuries to Plaintiff.  Furthermore, said Defendants
22 were deliberately indifferent to the probability of the occurrence of such acts and failed to correct
23 said customs, practices and policies, thereby causing excessive force to be applied to Plaintiff.
24         Defendants County of Kern, Kern County Sheriff's Department, and Does
25 51-100 and each of them, maintained or permitted an official policy, custom or practice of
26 knowingly permitting the occurrence of the type of wrongs set forth above and, based upon the
27
28         4

1  principles set forth in Monell v. New York City Department of Social Services, 436 U.S. 658, 98
2  S.Ct. 2018, 56 L.Ed.2d 611 (1978) and City of Canton, Ohio v. Harris, 489 U.S. 378, 109 S.Ct.
3  1197, 103 L.Ed.2d 412 (1989), are liable for all injuries sustained by Plaintiff as set forth
4  herein.

5  Defendants County of Kern, Kern County Sheriff's Department, and Does
6  51-100 and each of them, were objectively deliberately indifferent, as elucidated in, e.g., Farmer
7  v. Brennan, 511 U.S. 825, 841, 114 S.Ct. 1970, 1981, 128 L.Ed.2d 811 (1994), City of Canton,
8  Ohio v. Harris, 489 U.S. 378, 396, 109 S.Ct. 1197, 1208, 103 L.Ed.2d 412 (1989) (O'Connor, J.,
9  concurring in part, dissenting in part), and Gibson v. County of Washoe, 290 F.3d 1175, 1198 n.1
10 (9th Cir.2002), cert. denied, 537 U.S. 1106, 123 S.Ct. 872, 154 L.Ed.2d 775 (2003), to the
11 practice of members of Defendant Kern County Sheriff's Department using excessive and
12 unreasonable threat of force, force and violence against and upon pretrial detainees in a willful,
13 malicious, and unlawful manner and without cause, provocation or legal justification, and with
14 the intent to do great bodily harm to such pretrial detainees.

15 Defendants County of Kern, Kern County Sheriff's Department, and Does
16 51-100 and each of them, had actual and/or constructive knowledge, as elucidated in, e.g.,
17 Farmer v. Brennan, 511 U.S. 825, 841, 114 S.Ct. 1970, 1981, 128 L.Ed.2d 811 (1994), City of
18 Canton, Ohio v. Harris, 489 U.S. 378, 396, 109 S.Ct. 1197, 1208, 103 L.Ed.2d 412 (1989)
19 (O'Connor, J., concurring in part, dissenting in part), and Gibson v. County of Washoe, 290 F.3d
20 1175, 1186 (9th Cir. 2002), cert. denied, 537 U.S. 1106, 123 S.Ct. 872, 154 L.Ed.2d 775 (2003),
21 that it was the practice of members of Defendant Kern County Sheriff's Department using
22 excessive and unreasonable threat of force, force and violence against and upon pretrial detainees
23 in a willful, malicious, and unlawful manner and without cause, provocation or legal
24 justification, and with the intent to do great bodily harm to such pretrial detainees.

25 Plaintiff was deprived, under color of law, of rights, privileges,
26 immunities, and substantive and procedural due process, as guaranteed by the Fourth and
27
28

Fourteenth Amendments to the United States Constitution to be secure in person and not to be subjected to the use of unwarranted, unjustified and excessive force. Plaintiff is therefore entitled to recover damages pursuant to 42 U.S.C. 1983.

**Defendants' Contentions**

The defendants contend that plaintiff was belligerent and assaultive when she entered the jail facility and continued to be so during the booking procedure. Defendants assert that plaintiff kicked the detention officers and spat at them and attempted to kick the arresting officer. As a result of plaintiff continuing to spit at the officers, Lee was placed in a "spit mask" and placed in a sobering cell. At the conclusion of Lee's criminal proceedings, she was convicted of being under the influence of alcohol and was ordered to submit to HIV testing due to the fact that she spit in the eye of one of the officers.

Defendants contend that only reasonable force was used on Lee.

B.  Orders Re Amendment of Pleadings

No amendments are proposed at this time.

**V.  Factual Summary**

    A.  Admitted Facts which are deemed proven without further proceedings:

        1.  Plaintiff pled no contest to a violation of Vehicle Code § 23103.5(a) in connection with her arrest on September 10, 2004.

        2.  Plaintiff was ordered to submit to HIV testing.

        3.  The charges of Battery by Gassing (Penal Code § 243.9) and Battery Against a Custodial Officer (Penal Code § 243.1) were dismissed in exchange for plaintiff's agreement to make restitution.

        4.  On September 10, 2004, plaintiff refused to submit to field sobriety tests and refused to submit to a chemical test to determine her blood alcohol content.

|   |   |   |   |
|---|---|---|---|
| 1 | | 5. | Plaintiff was convicted on January 24, 2001 of driving while under the influence of alcohol. [Plaintiff contests the relevancy and admissibility of said conviction, but not the fact of same.] |
| 4 | | 6. | A "spit mask" was placed on plaintiff on September 10, 2004. |
| 5 | | 7. | Plaintiff swore at the detention officers and the arresting officer during the booking/receiving process. |
| 7 | | 8. | Plaintiff was placed in restraints on September 10, 2004. |
| 8 | B. | Contested Facts: | |
| 9 | | 1. | Whether plaintiff kicked and struck the detention officers |
| 10 | | 2. | Whether plaintiff refused to comply with instructions during the booking/receiving process at the Central Receiving Facility. |
| 12 | | 3. | Whether plaintiff became violent with the arresting officers. |
| 13 | | 4. | Whether plaintiff suffered any injuries or damages as a result of the incident. |
| 15 | | 5. | Whether plaintiff permitted medical staff to evaluate her fully. |
| 16 | | 6. | Whether Defendants Lindini, Banuelos, Amado, Holts and Does 1 through 50 used excessive force on plaintiff. |
| 18 | | 7. | Whether Defendants County of Kern, Kern County Sheriff's Department, and Does 51-100 and each of them, maintained or permitted a policy, custom or practice of knowingly permitting the occurrence of the type of wrongs asserted by plaintiff. |
| 22 | | 8. | Whether Defendants County of Kern, Kern County Sheriff's Department, and Does 51-100 were objectively deliberately indifferent to the practice of members of Defendant Kern County Sheriff's Department using excessive and unreasonable threat of force, force and violence against and upon pretrial detainees. |

9. Whether Defendants County of Kern, Kern County Sheriff's Department, and Does 51-100 had actual and/or constructive knowledge that it was the practice of members of Defendant Kern County Sheriff's Department using excessive and unreasonable threat of force, force and violence against and upon pretrial detainees

10. Whether the Court's order requiring plaintiff to submit to HIV testing as a part of her sentence in connection for her arrest on September 10, 2004, was as a result of her spitting in the eye and face of defendant Daniel Lindini.

11. Whether plaintiff was under the influence of alcohol at the time of the alleged incident.

12. Whether plaintiff displayed objective symptoms of alcohol intoxication at the time of the alleged incident.

13. Whether plaintiff was convicted of being under the influence of alcohol in connection with her arrest on September 10, 2004.

**VI.   Legal Issues**

A.   Uncontested:

1. Jurisdiction
2. Venue

B.   Contested:

1. Whether any unlawful force was used on plaintiff.
2. Whether the defendants are immunized from liability.
3. Whether plaintiff's Fourth or Fourteenth Amendment rights were violated by defendants.

8

        4.        Whether the County of Kern has an unconstitutional custom or policy regarding the use of unreasonable force.

        5.        Whether any policy or custom of the County of Kern caused any damage to plaintiff.

        6.        Whether defendants Lindini, Holtz, Banuelos or Amado acted with deliberate indifference to plaintiff's constitutional rights.

**VII.   Discovery Plan and Cut-Off Date**

The parties are ordered to exchange the initial disclosures required by Fed. R. Civ. P. 26(a)(1) on or before January 6, 2006.

The parties are ordered to complete all discovery pertaining to non-experts on or before November 3, 2006 and all discovery pertaining to experts on or before December 15, 2006.

The parties are directed to disclose all expert witnesses, in writing, on or before November 3, 2006, and to disclose all supplemental experts on or before November 24, 2006. The written designation of experts shall **be made pursuant to Fed. R. Civ. P. Rule 26(a)(2), (A) and (B) and shall include all information required thereunder.** Failure to designate experts in compliance with this order may result in the Court excluding the testimony or other evidence offered through such experts that are not disclosed pursuant to this order.

The provisions of Fed. R. Civ. P. 26(b)(4) and (5) shall apply to all discovery relating to experts and their opinions. Experts must be fully prepared to be examined on all subjects and opinions included in the designation. Failure to comply will result in the imposition of sanctions, which may include striking the expert designation and preclusion of expert testimony.

A Status Conference Re: Discovery and Scheduling shall be held on June 8, 2006, at 9:00 a.m. in Courtroom 5 before the Honorable Theresa A. Goldner, U. S. Magistrate Judge, counsel and parties appearing pro se may appear by telephone upon three (3) day notice. No later

then five days prior to the Status Conference the parties shall submit a written Status Report containing the following:

      A.  A description of the discovery which has been completed to date, the discovery which is pending or scheduled, and the additional discovery which each party expects to conduct prior to the Discovery Deadline.

      B.  Whether any party proposes any changes in the currently scheduled deadlines or dates.

### VIII. Pre-Trial Motion Schedule

All Non-Dispositive Pre-Trial Motions, including any discovery motions, shall be filed no later than November 10, 2006, and heard on or before December 18, 2006. Non-dispositive motions are heard on Monday at 9:00 a.m., before the Honorable Theresa A. Goldner, U. S. Magistrate Judge. **Counsel must comply with Local Rule 37-251 with respect to discovery disputes or the motion will be denied without prejudice and dropped from calendar.**

In scheduling such motions, the Magistrate Judge may grant applications for an order shortening time pursuant to Local Rule 6-142(d). However, if counsel does not obtain an order shortening time, the notice of motion *must* comply with Local Rule 37-251.

Counsel may appear and argue non-dispositive motions by telephone, providing a written request to so appear is made to the Magistrate Judge's Courtroom Clerk no later than five (5) court days before the noticed hearing date. In the event that more than one attorney requests to appear by telephone then it shall be the obligation of the moving part(ies) to arrange and originate a conference call to the court.

All Dispositive Pre-Trial Motions shall be filed no later than December 18, 2006, and heard no later than February 5, 2007, in Courtroom 1 before the Honorable Robert E. Coyle, Senior United States District Court Judge. In scheduling such motions, counsel shall comply with **Local Rules 78-230 and 56-260**.

  **IX.** **Pre-Trial Conference Date**

    March 19, 2007, at 9:00 a.m. before Magistrate Judge Goldner.

    The parties are ordered to file a **Joint Pretrial Statement pursuant to Local Rule 16-281(a)(2).** The parties are further directed to submit a digital copy of their pretrial statement in Word Perfect 12[1] format, directly to Judge Goldner's chambers by e-mailing it to TAGOrders@caed.uscourts.gov.

    Counsels' attention is directed to **Rules 16-281 and 16-282 of the Local Rules** of Practice for the Eastern District of California, as to the obligations of counsel in preparing for the pre-trial conference. The Court will insist upon strict compliance with those rules.

  **X.** **Trial Date**

    May 1, 2007, at 9:00 a.m. in Courtroom 1 before the Honorable Robert E. Coyle, Senior United States District Court Judge.

    A. This is a jury trial.

    B. Counsels' Estimate of Trial Time: 8 to 10 days.

    C. Counsel's attention is directed to Local Rules of Practice for the Eastern District of California, Rule 16-285.

  **XI.** **Settlement Conference**

    A Settlement Conference is scheduled for November 17, 2006, at 10:00 a.m. before the Honorable Theresa A. Goldner, U. S. Magistrate Judge.

    Unless otherwise permitted in advance by the Court, **the attorneys who will try the case** shall appear at the Settlement Conference **with the parties** and the person or persons having **full authority** to negotiate and settle the case **on any terms**[2] at the conference.

---

[1] If WordPerfect 12 is not available to the parties then the latest version of WordPerfect or any other word processing program in general use for IBM compatible personal computers is acceptable.

[2] Insurance carriers, business organizations, and governmental bodies or agencies whose settlement agreements are subject to approval by legislative bodies, executive committees, boards

11

CONFIDENTIAL SETTLEMENT CONFERENCE STATEMENT

At least five (5) court days prior to the Settlement Conference the parties shall submit, directly to Judge Goldner's chambers by e-mail to TAGOrders@caed.uscourts.gov, a Confidential Settlement Conference Statement. The statement **should not be filed** with the Clerk of the Court **nor served on any other party**, although the parties may file a Notice of Lodging of Settlement Conference Statement. Each statement shall be clearly marked "confidential" with the date and time of the Settlement Conference indicated prominently thereon.

The Confidential Settlement Conference Statement shall include the following:

A. A brief statement of the facts of the case.

B. A brief statement of the claims and defenses, i.e., statutory or other grounds upon which the claims are founded; a forthright evaluation of the parties' likelihood of prevailing on the claims and defenses; and a description of the major issues in dispute.

C. A summary of the proceedings to date.

D. An estimate of the cost and time to be expended for further discovery, pretrial and trial.

E. The relief sought.

F. The party's position on settlement, including present demands and offers and a history of past settlement discussions, offers and demands.

**XII. Request for Bifurcation, Appointment of Special Master, or other Techniques to Shorten Trial**

Not applicable at this time.

---

of directors or the like shall be represented by a person or persons who occupy high executive positions in the party organization and who will be directly involved in the process of approval of any settlement offers or agreements. To the extent possible the representative shall have the authority, if he or she deems it appropriate, to settle the action on terms consistent with the opposing party's most recent demand.

### XIII. Related Matters Pending

There are no pending related matters.

### XIV. Compliance with Federal Procedure

All counsel are expected to familiarize themselves with the Federal Rules of Civil Procedure and the Local Rules of Practice of the Eastern District of California, and to keep abreast of any amendments thereto. The Court must insist upon compliance with these Rules if it is to efficiently handle its increasing case load and sanctions will be imposed for failure to follow the Rules as provided in both the Federal Rules of Civil Procedure and the Local Rules of Practice for the Eastern District of California.

### XV. Effect of this Order

The foregoing order represents the best estimate of the court and counsel as to the agenda most suitable to dispose of this case. The trial date reserved is specifically reserved for this case. If the parties determine at any time that the schedule outlined in this order cannot be met, counsel are ordered to notify the court immediately of that fact so that adjustments may be made, either by stipulation or by subsequent status conference.

Stipulations extending the deadlines contained herein will not be considered unless they are accompanied by affidavits or declarations, and where appropriate attached exhibits, which establish good cause for granting the relief requested.

Failure to comply with this order shall result in the imposition of sanctions.

IT IS SO ORDERED.

Dated:   **December 22, 2005**                    **/s/ Dennis L. Beck**
9b0hie                                                                    UNITED STATES MAGISTRATE JUDGE